**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

v.

**AKIL JACKSON,**

        **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Case No. 11-CR -163 (FJS)**

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Defendant, **AKIL JACKSON**, be sentenced within the proposed Guideline range.

# I

# INTRODUCTION

On April 13, 2011, the Defendant entered a guilty plea to a single Count Information charging that while being a prohibited person, (unlawful user of a controlled substance), he possessed a firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2). The Defendant is scheduled to be sentenced on July 6, 2011.

# II

# APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.    Statutory Maximum Sentences**

The Defendant's conviction for being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) subjects him to a statutory maximum term of 10 years imprisonment; a 3 year maximum term of supervised release, *see* 18 U.S.C. § 3583; and a fine up to $250,000. *See* 18 U.S.C. § 3571.

**2.    Guidelines Provisions**

   **a.    Criminal History Category**

According to the Presentence Investigation Report (PSIR), the Defendant's Criminal History Category is III. (PSIR ¶¶40 and 68). The government agrees with the Probation Office's determination of the Defendant's Criminal History Category.

**b.     Guidelines Range and Sentence**

Here, the Defendant's Total Offense Level is 13 (PSIR ¶¶29 and 68), and the Defendant's Criminal History Category is III, as detailed in the PSIR.

As a result of the above-described calculations, the federal sentencing guidelines advise that the Defendant receive a sentence of 18 to 24 months imprisonment; a supervised release term of up to 3 years, and a fine of up to $250,000. (PSIR ¶¶68, 71, and 75).

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court sentence the Defendant to a term of imprisonment of 21 months which is within the applicable guideline range of 18 to 24 months. The Defendant's criminal history is significant in this case. Although only 31 years old, the Defendant's has 8 different arrests, not including the instant offense of conviction. He has been convicted of 6 different misdemeanors and 1 violation. Significantly, as detailed in PSIR ¶37, on November 6, 2006, he pled guilty to carrying a stolen concealed .380 caliber firearm. In addition, while on pre-trial release, it is significant that, as detailed in PSIR ¶39, the Defendant was in Charlestown, Ma, and was arrested in possession of cocaine, a large bag of marijuana, and a sawed off Remington .22 rifle. He was subsequently convicted of possessing with intent to distribute cocaine and the felony possession of a firearm. Although he was not scored with an "obstruction of justice" two-level enhancement, which

could also involve denying him the two-level reduction for acceptance of responsibility, it seems pretty clear that his conduct could have been the basis for these enhancements.

The United States disagrees with the Defendant's request that the Court credit him with the amount of time he has been detained as a result of his Charlestown arrest detailed in ¶39. That conduct and subsequent arrest are not related in any way to the instant offense. The Charlestown arrest and conviction is not relevant conduct to the instant offence warranting credit for the period of detention served in the state case. Rather than complying with his conditions of release, the Defendant acquired cocaine and marijuana that he intended to sell and make a profit on. As detailed in PSIR ¶39, the Defendant believed that he expected to make $1,000 from distributing the cocaine he possessed and about $2,500 for distributing the marijuana. Even worse, he possessed a sawed-off rifle which clearly was intended to be used to protect either himself or his drugs. There is no need to reward this Defendant for his continued criminal conduct while on pretrial release.

Nevertheless, it is respectfully submitted that a sentence of 21 months, with no credit for his Charlestown state detention, would take into account his criminal history, his continued criminal conduct while on pre-trial release, would afford specific deterrence to this Defendant, general deterrence to others, would promote respect for the law, and would provide just punishment to the Defendant.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2), and to reflect his conduct and culpability in this case the Government recommends that the Court sentence the Defendant to a term of imprisonment within the guideline range.

Respectfully submitted this 30th day of June, 2011.

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

By:   _/s/_____
Carlos A. Moreno
Assistant United States Attorney
Bar Roll No. 105079

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

v.

**AKIL JACKSON,**

**Defendant.**
_____

**CERTIFICATE OF SERVICE**

Criminal Action No.
11-CR-163 (GLS)

## CERTIFICATE OF SERVICE

     I hereby certify that on June 30, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

     1.  Timothy E. Austin, Esq.

/s/_____
Carlos A. Moreno
Assistant United States Attorney
Bar Roll No. 105079
June 30, 2011